**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40255
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KENNETH COMEAUX,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(1:95-CR-119-1)

June 19, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Comeaux appeals his sentence following his guilty plea and conviction for possession of cocaine base with intent to distribute. We affirm.

Comeaux first argues that the court erred by increasing his base offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a weapon during a drug-related offense. Comeaux's

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

argument that he did not know of the weapon, however, is without merit. "Neither the sentencing guidelines nor the case law requires that the Government prove a defendant had knowledge of a weapon's existence". United States v. Flucas, 99 F.3d 177, 179 (5th Cir. 1996). "The adjustment *must* be made when a weapon is found at the scene of the crime *unless* there is a clear improbability that the weapon is connected to the offense". Id. See also United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993)(the government may satisfy its burden of proving possession of a weapon by showing that the weapon was found in the same location as the drugs or drug paraphernalia are stored or where a part of the transaction occurred.) Under the facts of this case, we find no clear error in the court's application of the enhancement under U.S.S.G. § 2D1.1(b)(1).

Comeaux next asserts that the court's calculation of the quantity of cocaine base involved in the offense was clearly erroneous. He maintains that the district court erred in considering drugs seized in December 1993 to be part of the same course of conduct as the cocaine base seized during his October 1995 arrest. He also argues that other amounts of drugs seized were so small that they could have supported only a conclusion that the drugs were for personal use and not distribution.

We review the district court's drug quantity calculations for clear error. Mergerson, 4 F.3d at 345. In determining the

amount of drugs attributable to a defendant, the sentencing court is not limited to considering the amount of drugs seized or charged in the indictment. United States v. Mitchell, 964 F.2d 454, 457-58 (5th Cir. 1992). Instead, § 1B1.3(a)(2) authorizes a sentencing court to consider all acts an omissions that are part of the same course of conduct or common scheme or plan as the offense of conviction. United States v. Hoster, 988 F.2d 1374, 1378 (5th Cir. 1993). In the present case, the presentencing report adequately demonstrates that Comeaux engaged in drug distribution from December 1993 to October 1995 with the regularity required to find a course of conduct. The lack of temporal proximity is not dispositive. See U.S.S.G. § 1B1.3 cmt. 9(B)(1995). The district court did not clearly err in its drug quantity calculations.

Finally, Comeaux asserts that the district court erred when it failed to award him a three level decrease in his offense level for acceptance of responsibility. He argues that his timely guilty plea and his willingness to provide assistance to the government require such a reduction.

The presentence report recommended denying a reduction, stating that Comeaux had denied that the 22.39 grams of cocaine (which he later pleaded guilty to possessing) were his. The presentencing report also stated that Comeaux had violated his conditions of pretrial release by testing positive for cocaine.

3

The defendant bears the burden of proving that he is entitled to a downward adjustment.  <u>United States v. Kinder</u>, 946 F.2d 362, 367 (5th Cir. 1991).  Moreover, a defendant is not entitled to a reduction simply because he enters a guilty plea.  U.S.S.G. § 3E1.1 cmt. 3 (1995); <u>United States v. Shipley</u>, 963 F.2d 56, 58 (5th Cir. 1992).  Attempts to minimize participation in an offense do not demonstrate sincere contrition regarding the full extent of criminal conduct for acceptance of responsibility.  <u>United States v. Thomas</u>, 12 F.3d 1350, 1372 & n.39 (5th Cir. 1994).

**AFFIRMED.**